# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00156-CV

**In re Gabriella Torres**

### ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

### M E M O R A N D U M   O P I N I O N

Gabriella Torres filed a petition for writ of mandamus, complaining that the trial court abused its discretion by granting a continuance of a hearing on a final protective order. Torres applied for and the trial court granted her a temporary ex parte protective order on February 27, 2012. In that order, the trial court set a hearing on a final protective order for March 8, 2012, but on March 8 granted the real party in interest's motion for continuance of the hearing. The court reset the hearing for March 21, 2012, but also granted Torres a 20-day extension of the temporary protective order to March 28, 2012. Torres asserted in her petition for writ of mandamus—filed March 21, 2012—that the trial court improperly delayed the hearing on the final order beyond fourteen days after the application for protective order was filed. *See* Tex. Fam. Code Ann. § 84.001(a) (West 2008) (absent circumstances applicable to certain district courts, not the county court-at-law here, "the court may not set a date later than the 14th day after the date the application is filed"). Torres requested that this court vacate the order granting the continuance.

Torres's petition is moot. Her core contention in this petition is that she was entitled to a hearing no later than March 12, 2012. The date she filed this petition, March 21, 2012, the

trial court held the desired hearing and signed a Final Protective Order.  The trial court has since signed an Agreed Modified Final Protective Order that will be in effect until March 20, 2014.  This Court cannot order any meaningful relief to Torres on the petition presented.

Torres asserts exceptions under which we could still consider the issues she raises. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (capable-of-repetition exception); *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App.—Austin 1993, no writ) (public-interest exception).  We are not persuaded that the circumstances presented invoke those exceptions.

We dismiss this petition for writ of mandamus as moot.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   April 4, 2012